UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> v. : <br> : <br> SHEILA JONES, : <br> : <br> Defendant. : <br> : | Criminal No. <br><br> Violation: <br> 18 U.S.C. § 1012 (False Statement to Department of Housing and Urban Development) |

## INFORMATION

The United States Attorney informs the Court that:

## INTRODUCTION

At all times material to this Information:

1. Defendant SHEILA JONES (hereinafter "JONES") lived in Suitland and District Heights, Maryland. For at least the past two decades, JONES was employed in the Real Property Tax Administration Tax Sale Unit of the Office of Tax and Revenue (hereinafter "OTR"), part of the Office of the Chief Financial Officer for the District of Columbia. JONES also had a part-time job at Bath & Body Works.

2. ALETHIA OLIVIA GROOMS (hereinafter "GROOMS") lived in Washington, D.C., and Clinton, Maryland. GROOMS was a registered real estate agent. In or about 2004, GROOMS founded a company called Awesome Graphic Designs. As part of her graphics design business, GROOMS possessed a scanner and other equipment that she used to scan and manipulate original documents.

3. HARRIETTE MONICA WALTERS (hereinafter "WALTERS") lived in Washington, D.C. From in or about 2001 to in or about 2007, WALTERS was the manager of OTR's Real Property Tax Administration Adjustments Unit.

4. JONES had both a professional and a personal relationship with WALTERS. In particular, WALTERS gave substantial amounts of money to JONES. In addition, WALTERS paid JONES to fill out personal checks for WALTERS to pay WALTERS's bills.

## THE SCHEME

### COUNT ONE
### False Statement to Department of Housing and Urban Development

5. Paragraphs 1 through 4 are realleged as though set forth herein.

6. On or about March 13, 2006, in the District of Maryland and elsewhere, JONES, with intent to defraud, made a false statement to the Department of Housing and Urban Development (hereinafter "HUD"), in violation of Title 18, United States Code, Section 1012.

7. In or about the winter/spring of 2006, GROOMS was the real estate agent for JONES's purchase of a house in District Heights, Maryland. WALTERS referred GROOMS to JONES.

8. The sales price of JONES's house was $335,000. JONES applied for and obtained a HUD/Federal Housing Administration (hereinafter "FHA") loan in the amount of $332,373 from 1st Chesapeake Home Mortgage, LLC, of Annapolis, Maryland (hereinafter "1st Chesapeake"). The note rate was 5.5% for a term of 360 months. The HUD/FHA case no. was xxx-xxx6664.

9. The settlement occurred on or about March 13, 2006, in Maryland. JONES submitted a Uniform Residential Loan Application and a HUD/VA Addendum to Uniform Residential Loan

Application, both dated March 13, 2006, to 1st Chesapeake. Because JONES was obtaining a HUD/FHA loan, JONES knew that these documents, along with supporting materials, would be sent to HUD. JONES initialed or signed each page of the loan application and signed the addendum. In particular, JONES signed the Acknowledgement and Agreement section of the loan application, which stated in relevant part:

> Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq. * * * (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to the closing of the Loan[.]

JONES also signed the Borrower Certification section of the addendum, which stated in relevant part:

> (5) All information in this application is given for the purpose of obtaining a loan to be insured under the National Housing Act or guaranteed by the Department of Veterans Affairs and the information in the Uniform Residential Loan Application and this Addendum is true and complete to the best of my knowledge and belief. Verification may be obtained from any source named herein.

Next to JONES's signature on the addendum were the following notifications:

> Do not sign[ ]unless this application is fully completed. Read the certifications carefully & review accuracy of this application. * * * Federal statutes provide severe penalties for any fraud, intentional misrepresentation, or criminal connivance or conspiracy purposed to influence the issuance of any guaranty or insurance by the VA Secretary or the HUD/FHA Commissioner.

Furthermore, as part of the settlement, on or about March 13, 2006, JONES signed a form titled, "Important Notice to Homebuyers," from HUD. That form expressly stated:

> Don't Commit Loan Fraud * * * Do not falsify information about your income or assets. * * * Do not provide false letters-of-credit, cash-on-hand statements, gift letters or sweat equity letters. * * * Do not accept funds to be used for your down payment from any other party (seller, real estate salesperson, builder, etc.).

10. On page two of her loan application, JONES listed "Riteway Medical" of Washington, D.C., as one of her employers. JONES represented that she was an accountant with Riteway Medical and that she worked there from October 2002 to present. To support her claim of supplemental employment, JONES provided her lender with four documents in JONES's name purporting to be from Riteway Medical:

| Document | Purported Date (In or About) | Purported Amount |
|---|---|---|
| Pay Stub | January 29, 2006, to February 11, 2006 | $1,348.03 in current salary |
| Pay Stub | January 15, 2006, to January 28, 2006 | $1,348.03 in current salary |
| W-2 | 2005 | $35,048.76 in wages, tips, or other compensation |
| W-2 | 2004 | $32,956.44 in wages, tips, or other compensation |

11. In fact, JONES never worked at, nor received a salary from, Riteway Medical. The four documents referenced in the preceding Paragraph were forged by GROOMS. Using her graphics design and computer skills, GROOMS created fake pay stubs and W-2 forms for JONES so that JONES could report a second income on her loan application.

12. JONES and GROOMS also conspired to inflate the balance of JONES's credit union share account. On page three of her loan application, JONES represented that she had an account

-4-

with the "Dist. Fov. [sic] Empl. FCU" that had a cash or market value of $25,244. Attached to JONES's loan application were two documents purporting to be statements from the District Government Employees Federal Credit Union (hereinafter "DGEFCU") for JONES's share account no. xxx5380. One purported statement covered the period of December 1, 2005, through December 31, 2005, and the other covered the period of January 1, 2006, through January 31, 2006. The December 2005 statement showed an ending balance of $23,204.19. The January 2006 statement showed an ending balance of $25,244.89.

13.     Although JONES did hold a share account at the DGEFCU, the actual balance of account no. xxx5380 on January 31, 2006, was $5,244.89, or $20,000 less than what JONES claimed in her loan application. To perpetuate this fraudulent act, JONES gave GROOMS copies of her real DGEFCU statements for December 2005 and January 2006. Using a scanner and a computer, GROOMS edited those credit union statements to overvalue JONES's account by exactly $20,000. JONES included a copy of the forged account statements in her loan application.

14. JONES's Uniform Residential Loan Application and HUD/VA Addendum to Uniform Residential Loan Application, which contained the false statements, were sent to and received by HUD after the settlement.

**(False Statement to Department of Housing and Urban Development, in violation of Title 18, United States Code, Section 1012)**

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498610

By: *[signature]*
Timothy G. Lynch (D.C. Bar No. 456506)
David S. Johnson (D.C. Bar No. 477298)
Assistant United States Attorneys
Fraud & Public Corruption Section
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 353-4862
timothy.lynch2@usdoj.gov