

**U.S. Department of Justice**

*United States Attorney*
*District of Columbia*

*United States Attorney*
*District of Maryland*

---

July *10*, 2008

**FILED**

AUG - 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**BY FEDERAL EXPRESS**

David W. Lease, Esquire
Smith, Lease & Goldstein, LLC
11 North Washington Street, Suite 520
Rockville, Maryland 208550

    Re: <u>United States v. Sheila Jones</u>

Dear Mr. Lease:

    This letter sets forth the full and complete plea offer to your client, Sheila Jones, from the Criminal Divisions of the Offices of the United States Attorney for the District of Columbia and the United States Attorney for the District of Maryland (hereinafter "Government" or "these Offices"). This plea offer will expire on July *18*, 2008. If your client accepts the terms and conditions of this plea offer, please have her execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the plea offer are as follows:

I.    **Charge and Statutory Penalties**

    Your client agrees to waive her right to challenge federal venue and plead guilty to a one-count criminal Information, a copy of which is attached, that charges False Statement to Department of Housing and Urban Development (hereinafter "HUD"), in violation of 18 U.S.C. § 1012.

    Your client understands that, pursuant to 18 U.S.C. § 1012, False Statement to HUD carries a maximum sentence of one year of imprisonment, a fine of $100,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $25 special assessment, a one-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by these Offices for the conduct set forth in the attached Statement of the Offense.

## II.     Factual Stipulations

Your client agrees that the attached Statement of the Offense fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

## III.    Sentencing Guidelines Stipulations

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2007) (hereinafter "Sentencing Guidelines" or "Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

### A.    Offense Level under the Guidelines

U.S.S.G. § 2B1.1 (False Statement to HUD)

(a)    Base Offense Level         6

TOTAL    6

### Acceptance of Responsibility: 2-Level Reduction

The Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a), provided that your client clearly demonstrates acceptance of responsibility to the satisfaction of the Government through your client's allocution, **adherence to every provision of this Plea Agreement,** and subsequent conduct prior to the imposition of sentence. Accordingly, the applicable **Guidelines Offense Level is 4**.

### B.    Criminal History Category

Based upon the information now available to these Offices (including representations by the defense), your client's **Criminal History Category is I**. However, your client understands and agrees that the United States Probation Office will conduct a thorough search of your client's criminal history and may determine that your client has a Criminal History Category of II or more.

C.  **Applicable Guidelines Range**

Based upon the calculations set forth above, your client's stipulated Sentencing Guidelines range is **0** to **6** months (the "Stipulated Guidelines Range"). In addition, the parties agree that, should the Court impose a fine, at Guidelines level 4, the applicable fine range is **$250** to **$5,000**.

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

IV.  **Agreement as to Sentencing Allocution**

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

Nothing in this Plea Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw her guilty plea once it is entered, or should it be determined that your client has either (I) engaged in conduct, unknown to the Government at the time of the signing of this Plea Agreement, that constitutes obstruction of justice, or (ii) engaged in additional criminal conduct after signing this Plea Agreement.

V.  **Court Not Bound by Plea Agreement**

It is understood that, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

VI.  **Court Not Bound by Non-Mandatory Sentencing Guidelines**

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is also understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that her entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or

representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw her plea of guilty should the Court impose a sentence outside the Guidelines range.

## VII.  Appeal Waiver

It is agreed (I) that your client will not file a direct appeal of any sentence within or below the Stipulated Guidelines Range, and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines Range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

## VIII.  Release/Detention

Your client acknowledges that, although the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release if your client engages in further criminal conduct prior to sentencing **or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or to pose a danger to any person or the community.**

## IX.  Breach of Plea Agreement

Your client understands and agrees that if, after entering into this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Plea Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules that ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules.

4

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause to establish a breach of this Plea Agreement.

Nothing in this Plea Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, or to obstruct justice. Furthermore, nothing in this Plea Agreement shall be construed to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by your client after the execution of this Plea Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

## X.     Waiver of Statute of Limitations

It is further agreed that, should the conviction following your client's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

## XI.     Waiver of Venue

Your client agrees to waive any defense based on venue for the count to which your client has agreed to plead guilty.

## XII.     Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

5

## XIII. Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia and Maryland.

Your client further understands that this Plea Agreement is binding only upon the Criminal Divisions of the Offices of the United States Attorney for the District of Columbia and the United States Attorney for the District of Maryland. This Plea Agreement does not bind the Civil Division of these Offices or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Plea Agreement in the space provided below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
FOR THE DISTRICT OF COLUMBIA

By: _____
Timothy G. Lynch
David S. Johnson
Assistant United States Attorneys

ROD J. ROSENSTEIN
UNITED STATES ATTORNEY
FOR THE DISTRICT OF MARYLAND

By. _____
Jonathan C. Su
Deborah A. Johnston
Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, David W. Lease, Esquire. I fully understand this Plea Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Plea Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 7/22/08

Sheila Jones
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: 7/22/08

David W. Lease, Esquire
Counsel for the Defendant

7